UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   17-10090 |
| Plaintiff-Appellee, | D.C. No. 1:15-cr-00014-3 |
| v. | District of the Northern Mariana Islands, Saipan |
| ZHAOPENG CHEN, | |
| Defendant-Appellant. | ORDER |

Before:  SCHROEDER, SILER,[*] and MURGUIA, Circuit Judges.

The panel has voted to grant Appellee's Petition for Panel Rehearing.

The petition for panel rehearing, Docket Entry No. 43, is **GRANTED.**

The memorandum disposition filed September 27, 2018 (Docket Entry No. 38) and appearing at 738 Fed. Appx. 579, is withdrawn and replaced by a new memorandum disposition concurrently filed with this Order.

---

[*]     The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

FILED

**NOT FOR PUBLICATION**

APR 26 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10090 |
| Plaintiff-Appellee, | D.C. No. 1:15-cr-00014-3 |
| v. | |
| ZHAOPENG CHEN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of the Northern Mariana Islands
Ramona V. Manglona, District Judge, Presiding

Argued and Submitted August 14, 2018
San Francisco, California

Before: SCHROEDER, SILER,[**] and MURGUIA, Circuit Judges.

Zhaopeng Chen appeals his conviction for conspiracy with intent to

distribute methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), and

841(b)(1)(C), asserting that his conviction is not supported by sufficient evidence

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

and that the district court erred by giving the jury a "deliberate ignorance" jury instruction. We have jurisdiction pursuant to 28 U.S.C. §§1291 and 1294. For the reasons explained below, we affirm.

1. Chen moved for judgment of acquittal at the close of the government's case in chief, and the district court denied Chen's request. We review the constitutional sufficiency of the evidence to support a criminal conviction by "viewing the evidence in the light most favorable to the prosecution" and determining whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Nevils*, 598 F.3d 1158, 1163–64 (9th Cir. 2010) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Here, the essential elements of conspiracy are: "(1) an agreement to accomplish an illegal objective, and (2) the intent to commit the underlying offense." *United States v. Esquivel-Ortega*, 484 F.3d 1221, 1225 (9th Cir. 2007) (citation omitted). Taking the evidence presented in the government's case in chief—such as Chen's communicating with the conspirators prior to arriving in Saipan, renting a car at Huang's request, driving around with Huang and Cai on the day in question, and denying knowing the whereabouts of the green car—in the light most favorable to the government, we conclude that a reasonable jury could

2

have found the essential elements of the conspiracy, and the district court did not err in denying Chen's Fed. R. Crim. P. 29(a) motion before submission to the jury.

2. Before submitting the case to the jury, the district court instructed the jury that it could find that Chen acted knowingly if it found "beyond a reasonable doubt that [Chen] was aware of a high probability that drugs were being picked up from the Sunleader warehouse, and [Chen] deliberately avoided learning the truth." We review the district court's decision to give a deliberate ignorance instruction for abuse of discretion, and, in determining the applicability of the jury instruction, we must take the evidence in the light most favorable to the party requesting it, here, the government. *United States v. Ramos-Atondo*, 732 F.3d 1113, 1118–19 (9th Cir. 2013).

The district court did not abuse its discretion by instructing the jury on deliberate ignorance. The instruction correctly explained the two requirements the jury would have to find. *See United States v. Yi*, 704 F.3d 800, 804 (9th Cir. 2013). The evidence viewed in the most favorable light to the government supported the instruction. Despite participating in activities highly indicative of drug dealing, Chen never asked the co-conspirators any questions. Under the totality of these circumstances, a jury could reasonably conclude that Chen's

3

failure to inquire or investigate constitutes deliberate ignorance. *See United States v. Jewell*, 532 F.2d 697 (9th Cir. 1976) (en banc).

**AFFIRMED**.